Singh v. Garland
BIA
Christensen, IJ
A206 029 865

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of January, two thousand twenty-two.

PRESENT:
> GUIDO CALABRESI,
> JOSÉ A. CABRANES,
> RAYMOND J. LOHIER, JR.,
> > *Circuit Judges.*

_____

AMARJEET SINGH,
> *Petitioner,*

v.                                                      18-2012
                                                        NAC

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Amarjeet Singh, pro se, Franklin
                       Square, NY.

FOR RESPONDENT:        Ethan P. Davis, Acting Assistant
                       Attorney General; M. Jocelyn Lopez

Wright, Senior Litigation Counsel; Margot P. Kniffin, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Amarjeet Singh, a native and citizen of India, seeks review of a June 13, 2018, decision of the BIA affirming a June 28, 2017, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Amarjeet Singh*, No. A206 029 865 (B.I.A. June 13, 2018), *aff'g* No. A206 029 865 (Immig. Ct. N.Y. City June 28, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the BIA's and the IJ's decisions. *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018) (reviewing adverse credibility determination for substantial evidence).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's . . . written and oral statements . . . , the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor."  8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76.  Substantial evidence supports the adverse credibility determination.

As an initial matter, the agency reasonably relied on the record of Singh's asylum interview because it was memorialized in a typewritten document listing the questions and Singh's answers, the interviewer asked questions designed to elicit an asylum claim, and the record does not reveal that Singh had difficulty understanding the interpreter.  *See*

3

*Ming Zhang v. Holder*, 585 F.3d 715, 725 (2d Cir. 2009) ("Where the record of a credible fear interview displays the hallmarks of reliability, it appropriately can be considered in assessing an alien's credibility."). Accordingly, the agency reasonably relied on inconsistencies between the interview and Singh's testimony and within Singh's testimony regarding how many people attacked him in June 2012, whether the perpetrators of a 2013 attack were affiliated with the Congress Party, what political activities he engaged in after the attacks, and whether his father reported his own attack to the police or was threatened with arrest for trying to. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."); *Xiu Xia Lin*, 534 F.3d at 167 (allowing agency to rely on cumulative effect of even minor inconsistencies); *Hong Fei Gao*, 891 F.3d at 78–79 ("In the immigration context, in assessing the probative value of the omission of certain facts, an IJ should consider whether those facts are ones that a credible petitioner would

4

reasonably have been expected to disclose."). The agency was not required to accept Singh's explanations that he could not remember certain details. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)).

Moreover, Singh did not rehabilitate his credibility with reliable corroboration. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his . . . testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). The agency reasonably gave limited weight to Singh's brother's testimony, letters from his father, a village leader, and a party official, and medical documents. *See Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) ("We generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence."). His brother's testimony was inconsistent with

5

his brother's own asylum application, his father was an interested witness unavailable for cross examination, the village leader and party official were similarly unavailable for cross examination and their letters lacked details regarding Singh's attacks, and the medical document also lacked detail and was not contemporaneous with the alleged treatment. *Id.* at 334 (upholding BIA's decision to afford little weight to letter from applicant's spouse in China); *Matter of H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (B.I.A. 2010) (finding letters from relatives and friends did not provide substantial support for claim where authors were "interested witnesses . . . not subject to cross-examination"), *overruled on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130 (2d Cir. 2012).

Finally, Singh's due process arguments fail. His attorney did not object to the admission of the interview record, and Singh failed to demonstrate the requisite prejudice from the inclusion of his bond proceeding in the administrative record, particularly as neither the IJ nor the BIA referenced the bond proceedings. *See Garcia-Villeda v. Mukasey*, 531 F.3d 141, 149 (2d Cir. 2008) (requiring prejudice

6

to state a due process claim).

In sum, taken cumulatively, the inconsistencies and lack of reliable corroboration provide substantial evidence for the adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three forms of relief are based on the same discredited factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court